RAWLINSON, Circuit Judge,
concurring in part and dissenting in part:
I concur in the conclusions of the majority disposition that sufficient evidence supported the convictions, that admission of the expert and lay testimony was within the district court’s discretion, that the custodial statement of Defendant Miguel Jimenez was voluntary, that the guilty plea statements made by Defendant Nivaldo Ríaseos were admissible, that the sentencing information complied with 21 U.S.C. § 851, and that the sentence imposed upon Defendant Hector Zapata was procedurally and substantively reasonable.
I do not concur in the conclusion that the revocation of Ríaseos’ supervised release was improper.
Ríaseos’ supervised release was revoked due to his violation of the standard condition that he not commit any federal, state or local crime while on supervised release. Ríaseos maintains that because he had no notice of this standard condition, it cannot serve as the basis for revocation of supervised release. However, Ríaseos’ judgment of conviction gives notice of this condition immediately below the heading of SUPERVISED RELEASE. In addition, our precedent permits us to impute knowledge of a prohibition on further criminal *570 activity by the releasee. See United States v. Simmons, 812 F.2d 561, 565 (9th Cir.1987). It is only “when ... the 'proscribed acts are not criminal,” that actual notice is required. Id. (emphasis added).
Because I am of the view that our precedent is consistent with the district court’s revocation of supervised release, I would affirm the district court’s judgment without remanding to vacate the sentence imposed upon Ríaseos following revocation of his supervised release.